UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                            Case No. 03-CR-235

JOSH PERRY, a/k/a
JOSEPH MICHAEL FRIEDRICH,

    Defendant.

**ORDER AFFIRMING SENTENCE**

This matter is before me on a special remand from the United States Court of Appeals for the Seventh Circuit in accordance with the *United States v. Paladino*, 401 F.3d, 471 (7th Cir. 2005). *Paladino* sets forth the procedure followed by the Court of Appeals in cases in which the sentence was imposed prior to the Supreme Court's decision in *United States v. Booker*, 128 S. Ct. 738 (2005). To assist it in determining whether the failure to follow Booker was prejudicial, the Seventh Circuit has remanded the case to the court with a request that the court indicate whether the sentence imposed would have been different if it knew that the guidelines were no longer mandatory.

Upon receiving the Order of Remand, I requested counsel to submit their respective positions. They have now done so and the case is ripe for decision.

When this case was first before me, I sentenced the defendant to twenty-four months in the custody of the Bureau of Prisons. This sentence was at the low end of the then applicable guidelines. I noted in my sentencing comments that there were a number of mitigating factors in

favor of a sentence at the low end of the guidelines. Defendant appeared to be sincerely struggling with the deviant sexual urges reflected both in the accumulation of child pornography which brought him before this court, as well as the earlier charge of lewd conduct with a minor under the age of sixteen, which was prosecuted in Iowa. It was the Iowa charge in 2000 that led to the discovery of the evidence of possession of child pornography. In fact, the defendant admitted to his possession of such matter and consented to the search of his computer in Wisconsin at that time. The Government did not institute prosecution in this case until after the Iowa sentence was imposed. Dissatisfied with the sentence imposed by the Iowa court, (a suspended sentence, seven years probation and six months of boot camp), as well as that state's return of the defendant to probation following a revocation, the Government instituted federal prosecution.

Urging the court to reconsider its sentence, the defendant points to a number of factors suggesting significant progress toward rehabilitation, as well as his openness and full cooperation with the prosecution. At his initial sentencing, the court considered testimony both of the defendant's father and of his minister. Both provided a positive view of the defendant's strong efforts to pursue and benefit from therapy and treatment within the community. Defendant also points out that his efforts toward rehabilitation were obstructed by his prison sentence. Given the short duration of his sentence, there are really little, if any, programs available to address his problem within the Bureau of Prisons system. Based upon consideration of the character of the defendant, as well as the circumstances surrounding this offense and the unusual procedural history, defendant requests that the court substitute home confinement for the balance of his sentence.

2

The Government, on the other hand, requests that the court affirm its earlier sentence. The Government notes that under the protect act, the defendant would now be subject to a five year mandatory minimum term for the offense before the court. The Government also points to this court's comments during the original sentencing noting that a twenty-four-month sentence, given the seriousness of the offense, is not unreasonable.

Having considered all of the factors set forth in the respective statements of the parties, as well as the presentence and the original sentencing hearing, I conclude that the sentence of twenty-four months is appropriate. Defendant, both at the original sentencing hearing and in his statement of position regarding remand, has highlighted significant positives in his character and in his effort to rehabilitate himself. These efforts are commendable and should continue. Notwithstanding these factors, however, I conclude that the need to impose a punishment reflective of the seriousness of the offense, to deter others from similar behavior, and to protect the public warrant the prison sentence that was imposed. A sentence of less than twenty-four months for a crime as serious as possession of child pornography would unduly depreciate the seriousness of the offense. It is not proportional to the offense and despite the strong efforts of the defendant to rehabilitate himself, and his honesty and candor in the course of the prosecution, he remains a danger to the public. Mental and emotional disorders of the type that are reflected in this case are difficult to treat. Imposing a term of imprisonment upon the defendant will provide a stronger incentive for the defendant to avoid this conduct in the future. It will also make clear to all others that possession of child pornography is a prison offense. Even considering the other factors relating to the defendant's character and efforts to obtain treatment, I am satisfied that a sentence of less than twenty-four

months for this behavior would not be appropriate.  Accordingly, even if this court had been aware at the time of sentencing that the guidelines were advisory, the sentence imposed would have been the same.

**SO ORDERED**.

Dated this   19th   day of May, 2005.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge